UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM T. WISER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:11CV1805 TIA |
| ) | |
| NORFOLK SOUTHERN RAILWAY ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM AND ORDER

This matter is before the Court on the motion of Plaintiff William Wiser to dismiss the instant action without prejudice, motion to transfer, and motion for leave to file amended complaint. Defendant Norfolk Southern Railway Company ("Norfolk Southern") opposes a dismissal without prejudice, and asks the Court to deny Plaintiff's motion, or, in the alternative, requests that the Court impose terms and conditions if the Court grants the voluntary motion to dismiss. Likewise, Norfolk Southern opposes the other pending motions. All matters are pending before the undersigned United States Magistrate Judge, with the consent of the parties, pursuant to 28 U.S.C. § 636(c).

**BACKGROUND**

Plaintiff filed his original Complaint on August 31, 2011 in the Seventh Judicial Circuit, Macoupin County, Illinois, alleging exposure to radioactive material during his employment with Norfolk Southern. Based on the allegations regarding radioactive materials, Norfolk Southern removed the case to the Central District of Illinois on October 5, 2011 pursuant to the Atomic Energy Act, as amended by the Price-Anderson Act and the Price-Anderson Amendments Act and

paid the $350.00 filing fee.  Thereafter, Norfolk Southern moved to transfer the case to the Eastern District of Missouri based on the alleged exposure to radioactive materials and the applicable federal law regarding those exposures.  The United States District Court for the Central District of Illinois granted the motion to transfer on October 18, 2011.

On March 7, 2012, Plaintiff sought leave to amend his complaint to "delete any mention of radioactivity."  Plaintiff noted that "[b]ased upon further investigation, the Plaintiff believes that it was the herbicides, insecticides, and various chemical solvents used on the railroad that caused his CLL.  The Plaintiff wishes to change paragraph 5 alleging that it was the solvents that caused his CLL and delete any mention of radioactivity."  (ECF No. 18 at ¶¶ 3-4) (internal numbering omitted).  Norfolk Southern objected to Plaintiff filing an amended complaint noting that discovery would need to start from scratch since the original allegations of exposure to "radioactive material" would be changed to "herbicides and insecticides, solvents and other chemicals."  Norfolk Southern asserted that if Plaintiff is permitted to amend the complaint, Plaintiff would most likely seek to remand the case back to state court if the allegations regarding radioactive materials are eliminated inasmuch as these allegations were the basis for removal to federal court.

On March 19, 2012, Plaintiff moved to transfer this case back to Illinois state court asserting as follows:

> This is an [*sic*] F.E.L.A. case and the Plaintiff has the right to choose his venue. The railroad removed this case based upon the fact that there was mention in the Complaint of radiation and that was based upon statute 42 U.S.C. § 2201, et seq. The Plaintiff is in the process of amending the Complaint striking any mention of the word radiation and basing the cause of action upon a repetitive trauma and exposure to certain chemicals, such as herbicides, etc.

(ECF No. 21 at ¶¶ 1-3) (internal numbering omitted). Plaintiff cited no authority in support of his motion to transfer, and the undersigned is not aware of any authority permitting a district court in one state to transfer a case to a circuit court in another state.

On April 10, 2012, Norfolk Southern moved for partial summary judgment. The next day, April 11, 2012, Plaintiff filed his Motion for Voluntary Dismissal. Norfolk Southern filed opposition thereto contending that Plaintiff's sole reason for amending his complaint is to deprive this Court of jurisdiction. Plaintiff filed a memorandum in support and a supplement. The Court heard argument on the motion to transfer on April 27, 2012. Based on the record and the argument of counsel, the undersigned agrees that Plaintiff's sole reason for amending his complaint is to deprive this Court of jurisdiction.

**DISCUSSION**

After "the opposing party serves either an answer or a motion for summary judgment . . . an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(1) & (2). A decision whether to allow a party to voluntarily dismiss a case rests upon the sound discretion of the court. Hamm v. Rhone-Poulenc Rorer Pharmaceuticals, Inc., 187 F.2d 941, 950 (8th Cir. 1999). In exercising that discretion, a court should consider factors such as whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendants. Id. Likewise, a party is not permitted to dismiss merely to escape an adverse decision nor to seek a more favorable forum. Id.

In a recent and applicable case, the Eighth Circuit Court of Appeals reversed the district

court for its failure "to address Thatcher's purpose in seeking to voluntarily dismiss." Thatcher v. Hanover Ins. Group, Inc., 659 F.3d 1212, 1214 (8th Cir. 2011). Like in the instant case, "Thatcher sought permission to voluntarily dismiss his case without prejudice so that he could refile an amended complaint in state court that would avoid federal jurisdiction." Id. at 1213. At the April 27, 2012 hearing, Plaintiff's counsel admitted that upon dismissal, he would refile the instant action in the Seventh Judicial Circuit, Macoupin County, Illinois.

Here, several of the factors weigh in favor of denying Plaintiff's motion to dismiss the case without prejudice. The motion to dismiss was filed after the filing of the answer and a motion for summary judgment. After removal to the United States District Court for the Central District of Illinois and thereafter transfer to this Court, Plaintiff made no effort to dismiss or delete the radiation claims until he requested leave to file an amended complaint on March 7, 2012, some seven months after the case had been filed in state court. Any prejudice to Defendant is not limited because the case has progressed beyond the pleading stage. The Case Management Order was entered three months before Plaintiff filed the instant motion. There is clear indication that Plaintiff is seeking a dismissal without prejudice so that he can refile his claim in state court. See Thatcher, 659 F.3d at 1215 ("[I]t is inappropriate for a plaintiff to use voluntary dismissal as an avenue for seeking a more favorable forum"). The prejudice claimed by Defendant amounts to more than the prejudice arising from facing a subsequent lawsuit. As such, it is the type of prejudice that would justify denying Plaintiff's motion. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Voluntary Dismissal (Docket No. 26) is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Transfer (Docket No. 21) is

DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Amended Complaint (Docket No. 18) is GRANTED.

**IT IS FURTHER ORDERED** that the discovery stay entered on April 18, 2012 is lifted.

If needed, the parties may request an amended case management be entered.

<u>/s/ Terry I. Adelman</u>
UNITED STATES MAGISTRATE JUDGE

Dated this   3rd   day of May, 2012.