UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| WILLIAM T. WISER, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 4:11CV1805 |
| NORFOLK SOUTHERN RAILWAY COMPANY, | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Norfolk Southern Railway Company's Motion for Partial Summary Judgment (ECF 23). The parties have filed responsive pleadings to the pending motion for summary judgment.[1] All matters are pending before the undersigned United States Magistrate Judge, with the consent of the parties, pursuant to 28 U.S.C. § 636(c).

Plaintiff William Wiser ("Wiser") filed the instant action against Defendant Norfolk Southern Railway Company ("Norfolk"), alleging that he developed leukemia as a result of exposures to hazardous materials over the course of his employment with Norfolk in the Bridge and Building Department. In relevant part, Wiser asserts in the Amended Complaint that his injuries "will cause him to suffer great pain and mental anguish; that he has and will lose money

---

[1]The Court deems Norfolk's facts admitted due to Wiser's failure to admit or deny same. See Lawyer v. City of Council Bluffs, 361 F.3d 1099, 1104 (8th Cir. 2004) (pursuant to its local rule, district court was entitled to deem a fact admitted in resolving the motion for summary judgment where the party opposing the summary judgment did not contest that fact); Northwest Bank & Trust Co. v. First Ill. Nat;l Bank, 354 F.3d 721, 724 (8th Cir. 2003) (district court did not abuse its discretion where, as a sanction for noncompliance with the local rule, the district court ordered the party opposing summary judgment be deemed to have admitted all of the moving party's statement of material facts).

and earnings he would otherwise have been entitled to; that his earning capacity has been greatly diminished...." (Amend. Compl. at ¶ 7).

Norfolk has filed a motion for partial summary judgment directed to Wiser's claims for mental anguish, past and future wage/earnings loss, and diminished earning capacity claiming that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law.

Pursuant to Rule 56(c), Federal Rules of Civil Procedure, a court may grant summary judgment if the information before the court shows that there are no material issues of fact in dispute and that the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The burden of proof is on the moving party to set forth the basis of the motion, Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), and the court must view all facts and inferences in the light most favorable to the non-moving party, Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 587 (1986). Once the moving party shows there are no material issues of fact in dispute, the burden shifts to the adverse party to set forth facts showing there is a genuine issue for trial. Id. "[T]he nonmovant must respond by submitting evidentiary materials that 'set out specific facts showing a genuine issue for trial.'" Celotex, 477 U.S. at 323 (quoting Fed. R. Civ. P. 56(e)(2)). The non-moving party may not rest upon her pleadings, but must come forward with affidavits or other admissible evidence to rebut the motion. Id., at 324. The nonmovant must "explain the legal significance of her factual allegations beyond the mere conclusory statements importing the appropriate terms of art." Quinn v. St. Louis Cnty., 653 F.3d 745, 752 (8th Cir. 2011).

In passing on a motion for summary judgment, the Court must review the facts in a light

most favorable to the party opposing the motion, and give that party the benefit of any inference that logically can be drawn from those facts. Buller v.Buechler, 706 F.2d 844, 846 (8th Cir. 1983). The Court is required to resolve all conflicts of evidence in favor of the nonmoving party. Robert Johnson Grain Co. v. Chem. Interchange Co., 541 F.2d 207, 210 (8th Cir. 1976). At the summary judgment stage, the undersigned will not weigh the evidence and decide the truth of the matter, but rather the undersigned need only determine if there is a genuine issue of material fact for trial. Anderson, 477 U.S. at 249. Summary judgment is not appropriate unless all the evidence points one way and is susceptible to no reasonable inferences sustaining the position of the nonmoving party." Hindman v. Transkrit Corp., 145 F.3d 986, 990 (8th Cir. 1998) (citations omitted); Bassett v. City of Minneapolis, 211 F.3d 1097, 1099 (8th Cir. 2000). Material facts are those "that might affect the outcome of the suit under the governing law," and a genuine material fact is one "such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 at 248. Further, if the nonmoving party has failed to "make a showing sufficient to establish the existence of an element essential to that party's case, ... there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 322-23.

Nonetheless, it is clear to survive summary judgment, a plaintiff must support his/her allegations with sufficient probative evidence to permit a finding in the plaintiff's favor based upon more than mere speculation, conjecture, or fantasy. Putnam v. Unity Health Sys., Inc. 348 F.3d 732, 733-34 (8th Cir. 2003). "Mere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion for summary

judgment." Thomas v. Corwin, 483 F.3d 516, 526-27 (8th Cir. 2007). "Simply referencing the complaint, or alleging that a fact is otherwise, is insufficient to show there is a genuine issue for trial." Kountze ex rel. v. Hitchcock Foundation v. Gaines, 2008 WL 2609197, at * 3 (8th Cir. 2008). "'Only disputes over the facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.'" Bass v. SBC Commc'ns, Inc., 418 F.3d 870, 872-73 (8th Cir. 2005) (quoting Anderson, 477 U.S. at 248). Thus, Plaintiff, even though the non-moving party for summary-judgment purposes, "must still 'present[] evidence sufficiently supporting the disputed material facts [such] that a reasonable jury could return a verdict in [its] favor.'" Pope v. ESA Servs,, Inc., 406 F.3d 1001-1003-04 (8th Cir. 2005) (quoting Gregory v. City of Rogers, 974 F.2d 1006, 1010 (8th Cir. 1992)). "[T]he mere existence of some alleged factual dispute between the parties will not defeat a motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson, 477 U.S. at 247-48.

**The Undisputed Evidence before the Court on the Motion**

For purposes of this motion, the Court finds that the following facts are not in dispute , or have not been properly controverted pursuant to E.D.Mo. L.R. 7-4.01(E).[2]

Viewing all facts and drawing all reasonable inferences in the light most favorable of the nonmoving party, plaintiff, A. Brod, Inc. v. SK & I Co., L.L.C., 998 F. Supp. 314, 320 (S.D.N.Y.

---

[2]"Every memorandum in opposition shall include a statement of material facts as to which the party contends a genuine issue exists. Those matters in dispute shall be set forth with specific references to portions of the record, where available, upon which the opposing party relies. The opposing party also shall note for all disputed facts the paragraph number from movant's listing of facts. All matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party." E.D.Mo. L.R. 7-4.01(E).

1998), the Court sets forth the following facts as established by the deposition and the records submitted by the parties:

Plaintiff William Wiser ("Wiser") filed the instant action against Defendant Norfolk Southern Railway Company ("Norfolk"), alleging that he developed leukemia as a result of exposures to hazardous materials over the course of his employment with Norfolk in the Bridge and Building Department. In relevant part, Wiser asserts in the Amended Complaint that his injuries "will cause him to suffer great pain and mental anguish; that he has and will lose money and earnings he would otherwise have been entitled to; that his earning capacity has been greatly diminished...." (Amend. Compl. at ¶ 7).

In his deposition, Wiser acknowledged that he was not claiming any kind of emotional damages in this case at all. (Wiser Depo. at 111). Likewise, Wiser admitted that he has not seen a psychologist, psychiatrist, or counselor for anything relating to his condition. (Id. at 111). With respect to loss earnings and earning capacity, Wiser testified that he retired in 2003 because of his age and years of service. (Id. at 37-38). Wiser acknowledged that he was not claiming any kind of wage loss at all, and he had not worked anywhere besides the railroad since retiring. (Id. at 39-40). Wiser testified that he has enjoyed his retirement and likes to do his own home maintenance, some yard work and gardening, working on his children's homes, hunting, and fishing. (Id. at 40).

Wiser testified that he was diagnosed with chronic lymphatic leukemia in November 2010 after having a blood test. (Id. at 42).

## Discussion

**I.      Motion for Summary Judgment**

The Supreme Court has relaxed the standard of proof necessary to get a FELA case to the jury, articulating the standard as whether "employer negligence played any part, even the slightest in producing the injury." Consolidated Rail Corp. v. Gottshall, 512 U.S. 532, 542 (1994). The FELA imposes on a railroad a general duty to provide a safe workplace. Peyton v. St. Louis Southwestern Ry. Co., 962 832, 833 (8th Cir. 1992). Plaintiff is proceeding on his negligence claim under the FELA, a process "significantly different from the ordinary common-law negligence action," Rogers v. Missouri Pac. R.R. Co., 352 U.S. 500, 509-10 (1957), which holds an employer to a standard of "reasonable foreseeability of harm" and measures that standard by what "a reasonably prudent person would anticipate" in light of all the surrounding circumstances. Gallick v. Baltimore & Ohio R.R. Co., 372 U.S. 108, 117-19 (1963). Recovery is permitted if injury results "in whole or in part from the negligence of" the railroad, or due to any "defect or insufficiency, due to its negligence, in its ... tracks, roadbed, ... or other equipment." 45 U.S.C. § 51. An employee bringing a FELA claim must prove that the railroad was negligent and that such negligence was the cause of the injury. Atchison, T. & S.F.R. Co. v. Toops, 281 U.S. 351, 354 (1930); Northwestern P.R. Co. v. Bobo, 290 U.S. 499, 502-03 (1934) ("The jury may not be permitted to speculate as to its cause, and the case must be withdrawn from its consideration, unless there is evidence from which the inference may reasonably be drawn that the injury suffered was caused by the negligent act of the employer."). The employee must prove negligence on the part of the railroad in a FELA claim. Tennant v. Peoria & Pekin P.U. Ry. Co., 321 U.S. 29, 32 (1944). Each and every element as is required under a common-law negligence action must be proved in a FELA negligence action or the cause of action fails. Davis v. Burlington Northern, Inc., 541 F.2d 182, 185 (8th Cir. 1976).

In determining negligence on the part of the railroad the general rule is "the lack of due care under the circumstances; or the failure to do what a reasonable and prudent man would ordinarily have done under the circumstances of the situation; or doing what such a person under the existing circumstances would not have done." Tiller v. Atlantic Coastline R.R. Co., 318 U.S. 54, 67 (1943). The scope of a railroad's duty is therefore limited to those workplace hazards that the railroad could have reasonably foreseen. See Gallick, 372 U.S. at 117 ("[R]easonable foreseeability of harm is an essential ingredient of [FELA] negligence."). To prevail, a FELA plaintiff need only show that "employer negligence played any part, even the slightest, in producing the injury ... for which damages are sought." Rogers v. Missouri Pac. R.R. Co., 352 U.S. 500, 506 (1957).

Summary judgment is a harsh remedy and should not be granted unless the movant "has established [its] right to judgment with such clarity as to leave no room for controversy." New England Mutual Life Ins. Co. v. Null, 554 F.2d 896, 901 (8th Cir. 1977).

"The party opposing summary judgment may not rest on the allegations in its pleadings; it must 'set forth specific facts showing that there is a genuine issue for trial.'" United of Omaha of Life Ins. Co. v. Honea, 458 F.3d 788, 791 (8th Cir. 2006) (quoting Fed. R. Civ. P. 56(e)). "'Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary.'" Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)." Hitt v. Harsco Corp., 356 F.3d 920, 923 (8th Cir. 2004). An issue of fact is genuine when "a reasonable jury could return a verdict for the nonmoving party" on the question. Anderson, 477 U.S. at 248. To survive a motion for summary judgment, the "nonmoving party must 'substantiate his allegations with sufficient probative evidence [that] would permit a finding in

[his] favor based on more than mere speculation, conjecture, or fantasy.' Wilson v. Int'l Bus. Machs. Corp., 62 F.3d 237, 241 (8th Cir. 1995) (quotation omitted)." Putman v. Unity Health Sys., 348 732, 733-34 (8th Cir. 2003). A plaintiff may not merely point to unsupported self-serving allegations, but must substantiate allegations with sufficient probative evidence that would permit a finding in the plaintiff's favor. Wilson, 62 F.3d at 241. "Mere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment." Thomas v. Corwin, 483 F.3d 516, 526-27 (8th Cir. 2007). "Simply referencing the complaint or alleging that a fact is otherwise, is insufficient to show there is a genuine issue for trial." Kountze ex rel. Hitchcock Foundation v. Gaines, 2008 WL 2609197, at *3 (8th Cir. 2008).

**A. Mental Anguish**

Based on Wiser's deposition testimony, Norfolk contends there is no genuine issue of material fact regarding mental anguish for trial. The Court agrees. Wiser's opposition to the motion for summary judgment presents argument but not evidence supporting a claim for mental anguish. A party opposing summary judgment "may not rest upon mere allegations or denials ..., but must set forth specific facts showing there is a genuine issue for trial." Satcher v. Univ. of Ark. at Pine Bluff Bd. of Tr., 558 F.3d 731, 734-35 (8th Cir. 2009) (quoting Anderson, 477 U.S. at 256)). In fact, in his deposition, Wiser admits he is not seeking damages for great pain or mental anguish.[3]

---

[3]Wiser's contention that he has a cause of action for "fear of cancer" is without merit. A review of the Amended Complaint shows the complaint to be devoid of a cause of action for "fear of cancer." The Court notes that the Amended Case Management Order entered on June 7, 2012 set forth a deadline of September 30, 2012 for filing of a motion requesting amendments of pleadings. Accordingly, Wiser would not be able to file an amended complaint asserting any

**B. Lost Wages and Lost Earning Capacity**

Based on Wiser's deposition testimony, Norfolk contends there is no genuine issue of material fact regarding lost wages and lost earning capacity. The Court agrees. Wiser admitted that "he is not entitled to past wages and future wages or lost earnings due to the fact that Plaintiff was retired." The undisputed evidence of record shows that Wiser retired from the railroad in 2003 because of age and years of service.

Nonetheless, Wiser argues that he is entitled to recover for diminished earning capacity. The undersigned notes that the record is devoid of showing Wiser intends to ever return to any gainful employment which was affirmed by Wiser's own admissions in his deposition. A party opposing summary judgment "may not rest upon mere allegations or denials ..., but must set forth specific facts showing there is a genuine issue for trial." Satcher v. Univ. of Ark. at Pine Bluff Bd. of Tr., 558 F.3d 731, 734-35 (8th Cir. 2009) (quoting Anderson, 477 U.S. at 256)). Indeed, during his deposition, Wiser testified that he has not worked since he retired from the railroad, and he has enjoyed doing home maintenance and working on his children's homes, some yard work, gardening, hunting, and fishing since retiring. His conclusory allegation that he is entitled to diminished earning capacity is unsupported by any facts and therefore does not raise a genuine issue of material fact. See Hervey v. Cnty. of Koochiching, 527 F.3d 711, 723-24 (8th Cir. 2008). Accordingly, applying the foregoing to the instant case, the Court will grant Norfolk's motion for summary judgment.

For the foregoing reasons, the Court finds that Norfolk has established it is entitled to judgment as a matter of law on Wiser's claims for mental anguish, past and future wage/earnings

---

additional claim of "fear of cancer"in the instant cause of action.

loss, and diminished earning capacity. Norfolk's motion for summary judgment should therefore be granted. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Norfolk Southern Railway Company's Motion for Partial Summary Judgment (ECF 23) is GRANTED.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

                                       /s/Terry I. Adelman
                                   UNITED STATES MAGISTRATE JUDGE

Dated this  11th  day of February, 2013.